STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARGARET LAMBERT,**
**WIDOW OF FREEMAN LAMBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0164**  (BOR Appeal No. 2048670)
(Claim No. 860072792)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CINDAS CREEK ENERGY**
**AND**
**CONTRACT COALS, INC.,**
**Employers Below, Respondents**

## MEMORANDUM DECISION

Petitioner Margaret Lambert, widow of Freeman Lambert, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed a July 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 2, 2011, decision denying Ms. Lambert's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lambert filed a claim for dependent's benefits following the December 23, 2010, death of her husband, Freeman. Prior to his death, the decedent was admitted to Beckley Appalachian Regional Hospital for massive gastrointestinal bleeding. A death summary was completed by the decedent's treating physician and listed the decedent's final diagnoses as massive gastrointestinal bleeding, respiratory failure, chronic obstructive pulmonary disorder, thrombocytopenia, and acute renal impairment. The death summary noted that the decedent was placed on a ventilator solely for the purpose of performing an endoscopy. It was further noted that the decedent became hypotensive while still on the ventilator as a result of recurrent gastrointestinal bleeding. Following the deterioration of the decedent's condition, his family chose to remove him from the ventilator and he died shortly thereafter. On January 14, 2011, an amended death certificate was issued listing the cause of death as cardiopulmonary arrest, with occupational pneumoconiosis listed as an underlying condition.

On September 13, 2011, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis did not materially contribute to the decedent's death. The Occupational Pneumoconiosis Board noted that the decedent received a lifetime award of 25% for occupational pneumoconiosis and determined that prior x-rays suggest a very minimal degree of occupational pneumoconiosis. On November 2, 2011, the claims administrator denied Ms. Lambert's request for dependent's benefits.

At a hearing on June 19, 2013, Jack Kinder, M.D., testified on behalf of the Occupational Pneumoconiosis Board. Dr. Kinder testified that the decedent's medical record shows that he developed hypotension associated with gastrointestinal bleeding of unknown etiology and subsequently died after being removed from a ventilator. He further testified that he cannot explain why gastrointestinal bleeding is not listed on the decedent's death certificate and opined that the decedent's clinical course shows that gastrointestinal bleeding was the main cause of death. Further, Dr. Kinder testified that the decedent never received treatment for occupational pneumoconiosis and would have died in the same manner and at the same time regardless of the presence of occupational pneumoconiosis.

In its Order affirming the November 2, 2011, claims administrator's decision, the Office of Judges held that the preponderance of the evidence shows that the decedent died as a result of complications from gastrointestinal bleeding unrelated to any respiratory condition. Ms. Lambert disputes this finding and asserts that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to her husband's death, and that she is therefore entitled to dependent's benefits.

In *Bradford v. Workers' Compensation Comm'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to

2

the death." As noted by the Office of Judges, on appeal Ms. Lambert relies primarily on a report from Donald Rasmussen, M.D., that was never properly submitted into evidence and apparently attributes the decedent's final hospitalization and ultimate death to consequences arising from occupational pneumoconiosis. Dr. Kinder reviewed Dr. Rasmussen's report and testified that he disagrees with Dr. Rasmussen's conclusions regarding the decedent's cause of death. Further, the Office of Judges found that the apparent conclusions of Dr. Rasmussen are unsupported by the decedent's medical records. The Office of Judges found that none of the decedent's medical records reveal evidence of treatment for occupational pneumoconiosis and noted that the decedent's final hospital admission occurred as a result of gastrointestinal bleeding. The Office of Judges then determined that the decedent's death certificate is not credible because it fails to list the conditions identified in the death summary as causes of the decedent's death. Finally, the Office of Judges concluded that the evidence of record does not support a finding that occupational pneumoconiosis materially contributed to the decedent's death. The Board of Review reached the same reasoned conclusions in its decision dated January 27, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II